UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                           Case # 92-CR-19-FPG

     v.

                                                      DECISION AND ORDER

DOMINIC J. TADDEO, JR.,

                                  Defendant.

## INTRODUCTION

On December 9, 2020, Defendant Dominic J. Taddeo, Jr. filed a *pro se* Motion for Compassionate Release. ECF No. 1. Defendant requests that the Court reduce his sentence to time served because of the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. *Id.* The Court set a briefing schedule and the Federal Public Defender filed another Motion for Compassionate Release on December 30, 2020, expanding on Defendant's previous arguments. ECF No. 5. After several enlargements of time, the Government opposed to the Motions on February 11, 2021. ECF No. 10. Probation also responded. ECF No. 3. For the reasons that follow, Defendant's Motions are DENIED.

## BACKGROUND

On January 24, 1992, Defendant pled guilty to a three count Information, which charged him with possession of a firearm by convicted felon in violation of 18 U.S.C. § 922(g)(1), possession of a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. 5861(d), and possession of machine guns in violation of 18 U.S.C. § 922(o).

On April 15, 1992, the late Hon. Michael A. Telesca sentenced Defendant to 48 months' imprisonment on each count to run concurrently, but consecutive to a number of significant sentences imposed in case numbers 87-CR-34, 89-CR-42, 89-CR-59, 90-CR-117, and 91-CR-30. Defendant is projected to be released on February 10, 2023.  ECF No. 3 at 1.

## LEGAL STANDARD

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  Courts may reduce previously imposed terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as compassionate release.  Defendants may bring motions under Section 3582(c)(1)(A) if they have satisfied a statutory exhaustion requirement.[1]  *Id.*  If a defendant brings such a motion, the Court may grant relief if, after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant [the] reduction."  *Id.* §§ 3553(a), 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235–36 (2d Cir. 2020) (holding that, where a defendant—as opposed to the Bureau of Prisons ("BOP")—brings a motion for compassionate release, Section 3582(c)(1)(A)'s requirement that the reduction be "consistent with applicable policy statements issued by the Sentencing Commission" does not apply because there is no applicable policy statement).  "District courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction."  *United States v. Tagliaferri*, No. 13-CR-115, 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019).

## DISCUSSION

In this case, even if Defendant could establish that extraordinary and compelling reasons favor a sentence reduction, the reasons cited by Defendant do not outweigh the factors set forth in

---

[1] The Government does not dispute that Defendant has satisfied the statutory exhaustion requirement. ECF No. 10 at 2.

Section 3553(a) that support his sentence. Under Section 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range [provided for by Sentencing Commission guidelines and policy statements];
> (5) any pertinent [Sentencing Commission policy statement];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court weighed these factors when it imposed Defendant's original term of imprisonment. Accordingly, the Court's task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429-30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of provision); *see United States v. Roney*, No. 20-1834, 2020 WL 6387844, at *3 (2d Cir. Nov. 2, 2020) (summary order) (quoting *Ebbers* for the proposition that "a compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision"). In other words, the issue is whether the original Section 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate

release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 430-31.

Defendant claims that his incarceration increases the likelihood that he will be exposed to COVID-19.  ECF No. 5 at 3.  Defendant is currently incarcerated at Coleman Medium Federal Correctional Institution in Florida, which houses 1,306 inmates. *FCI Coleman Medium*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/com/ (last visited Mar. 4, 2021). There are currently only 2 inmates and 44 staff members positive for COVID-19; 3 inmates have died; and 338 inmates and 9 staff members have recovered.  *COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 4, 2021).  Defendant alleges that social distancing is not possible, that prisons are particularly susceptible to outbreaks of respiratory diseases, and that he would be safer if released.  ECF No. 5 at 4-5.

Still, while the situation at Coleman Medium is not ideal, neither is it dire, unlike that of many BOP facilities.  Indeed, the risk of contracting COVID-19 is present outside prison as well. *See United States v. Veras*, No. 19-CR-10, 2020 WL 1675975, at *4 (M.D. Pa. Apr. 6, 2020) ("[T]he potential for exposure exists anywhere in the community, not just in jail . . . .").  Defendant does not argue that the conditions at Coleman Medium are placing him at a unique risk.  Therefore, this factor does not weigh heavily in favor of release.

Defendant also claims that his preexisting conditions make it more likely that he would suffer severe complications if he were to contract the virus.  ECF No. 5 at 8-12.  Defendant is 63 years old, overweight, and suffers from hypertension. *Id.*  The Government disputes the severity of his medical condition and that his condition increases his risk of COVID-19 complications, indicating that the medical records provided by the BOP do not reference any significant

complications from these ailments.  ECF No. 10 at 7.  Defendant maintains the BOP's lowest level of medical care classification.  *Id.* at 8.  Defendant has not proffered evidence of the precise degree of increased risk he faces, if any, due to his preexisting conditions.  Again, the import of this factor does not weigh heavily in favor of release.

Some considerations weigh in Defendant's favor.  Defendant claims that he has learned his lesson and wants to play a positive role in his community.  ECF No. 5 at 12.  Defendant earned his GED while in prison, has a relatively clean disciplinary record, and claims he has a place to stay and work upon his release.  *Id.* at 4.

But even assuming that Defendant faces a higher risk of contracting COVID-19 and suffering severe consequences from it due to his alleged comorbidities, Defendant has not provided reasons for his release that outweigh the factors that supported and continue to support Defendant's original sentence.  COVID-19 does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease."  *United States v. Gold*, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. 2020) (internal quotation marks omitted); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Defendant admitted to committing very serious crimes: possessing firearms as a convicted felon, possessing firearms not registered to him, and possessing machine guns.  The agreed-upon sentence reflects the seriousness of his offenses and his extremely lengthy criminal record. Defendant began a life of crime at 16 years old.  His prior convictions are for crimes including assault, conspiracy to distribute controlled substances, and, most notably, Racketeer Influenced and Corrupt Organization conspiracy arising from his employment and association with

Rochester's La Cosa Nostra organized crime family.  The RICO charges involve the murder of three individuals, attempted murder of two more individuals, and conspiracy to murder a fifth person.

Finally, with a projected release date in February 2023, Defendant has a substantial amount of time remaining on his sentence.  Given the serious nature of his offense, such a substantial reduction in Defendant's sentence would undermine the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(2)(A)-(B), (6); *see also United States v. Mack*, No. 16-CR-112, 2020 WL 4012837, at *2 (N.D. Ohio July 16, 2020) (holding that Section 3553(a) factors did not favor release of defendant who was "high-risk" for COVID-19-related complications and "held in a prison experiencing a severe COVID-19 outbreak" because defendant had more than a year remaining on his sentence).

The Court recognizes that the situation Defendant finds himself in is of serious concern: as an inmate, he has far less control over his environment and is far more reliant on correctional officials to ensure his safety during the pandemic.  "A just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease."  *United States v. Vence-Small*, No. 18-CR-31, 2020 WL 2214226, at *4 (D. Conn. May 7, 2020).  But neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment. Defendant has not demonstrated that a reduction in his sentence is appropriate.

**CONCLUSION**

For the foregoing reasons, Defendant's Motions for Compassionate Release, ECF Nos. 1,

5, are DENIED.

IT IS SO ORDERED.

Dated: March 5, 2021
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court